UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| TERRY DONALD RUTLEDGE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 3:15-CV-401-TLS |
| R. THOMAS, *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Terry Donald Rutledge, a prisoner proceeding pro se, filed a complaint under 42 U.S.C. § 1983. The Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plasibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that: (1) the defendants deprived him of a federal constitutional right; and (2) the defendants acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Rutledge is currently incarcerated at the Indiana State Prison. Here, he alleges that on May 28, 2015, Officer Thomas left a gate unlocked that separated the mentally ill inmates from those in general population. Rutledge alleges that Officer Thomas is aware that the mentally ill inmates are to be segregated from the general population, but regularly leaves the gate between the two unlocked. When Officer Thomas left the gate unlocked on May 28, 2015, a mentally ill inmate came into the general population unit and assaulted Rutledge. Rutledge sues Officer Thomas and the Indiana Department of Corrections (IDOC) for money damages as a result of the injuries he received.

As an initial matter, "the Eleventh Amendment prohibits a suit in federal court in which the State or one of its agencies or departments is named as the defendant." *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993). Since the IDOC is a state agency, it will be dismissed.

As for Officer Thomas, Rutledge alleges that she failed to protect him from a mentally ill inmate. Correctional officials have a constitutional duty to protect inmates "from violence at the hand of other inmates." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). The plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high bar:

> To establish deliberate indifference on the part of the defendants sued individually, Klebanowski needed to show that the officers acted with the

> equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to Klebanowski's health or safety, yet failed to take appropriate steps to protect him from the specific danger. Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. *Id.*
>
> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008) (footnote omitted).

Rutledge has not met this standard. He did not communicate any specific or direct threat to Officer Thomas regarding mentally ill inmates who could pass through the gate. Nor did Rutledge provide the identities of any mentally ill inmates who ever posed a threat to him, or to any other inmates. Instead, he alleges that Officer Thomas failed to protect him by allowing mentally ill inmates to cross over into general population. Such an assertion, even if true, would establish only that Officer Thomas was negligent in her duties of keeping inmates segregated. Negligence, however, does not violate the Constitution. Instead, Officer Thomas must have been aware of and disregarded a specific, impending and substantial threat to Rutledge's safety. No

3

such allegation is present in the current Complaint.

Although this Complaint does not state a claim, and while it seems unlikely that Rutledge will be able to state a claim against any of these Defendants based on him being assaulted by another inmate, it is not possible to definitively say that he could not do so. Therefore he will be permitted time to file an amend complaint if he believes that addressing the issues raised in this Order will allow him to present the facts necessary to state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the Court:

(1) **DIRECTS** the Clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to the Plaintiff;

(2) **GRANTS** the Plaintiff until December 7, 2015, to file an amended complaint; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current Complaint does not state a claim for which relief can be granted.

SO ORDERED on November 5, 2015.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION